Filed 12/19/24  P. v. Johnson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH JOHNSON, JR.,<br><br>    Defendant and Appellant. | H052351<br>(Santa Clara County<br>Super. Ct. No. C2401665) |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion under California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

Defendant Joseph Johnson, Jr. appeals from an order denying his petition to terminate the requirement that he register as a sex offender in California.  (See Pen. Code, § 290.5; unspecified statutory references are to this Code.)  The trial court summarily denied the petition because defendant, who according to the record was convicted of forcible rape in 1982 and assault with intent to commit rape, sodomy, or oral copulation in 1973, is a tier three sex offender subject to a lifetime registration requirement.  (§ 290, subd. (d)(3).)

Following a timely notice of appeal, counsel filed an opening brief summarizing the case but raising no issues.  We notified defendant that he could file a supplemental brief on his own behalf, and that failure to do so would result in dismissal of the appeal as

abandoned. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232.) Defendant has filed a timely supplemental brief.

In his supplemental brief, defendant does not appear to contest the trial court's determination that he is ineligible for relief under section 290.5. He instead describes various ways in which the requirement that he register as a sex offender has made it difficult for him to reintegrate into society following his 2009 release from commitment as a sexually violent predator. (Under section 290, subdivision (d)(3)(B), commitment as a sexually violent predator itself requires lifetime registration as a tier three sex offender.) We acknowledge defendant's concerns, but find they do not provide a legal ground to reverse the order denying his petition.

Defendant includes in his supplemental brief what appear to be excerpts from a federal complaint challenging federal Sex Offender Registration and Notification Act (SORNA) regulations on various grounds not relevant to this appeal. (See *Doe v. U.S. Dept. of Justice* (C.D. Cal. 2023) 650 F.Supp.3d 957.) The excerpts appear to relate to a SORNA rule requiring certain individuals to register as sex offenders despite having been relieved of their obligation to do so under California law. Defendant is ineligible for relief under California law (as noted in the order from which he now appeals), rendering most of the arguments in his supplemental brief inapplicable to him. To the extent certain arguments purport to challenge the SORNA rule more generally, they are not cognizable in this appeal from the order denying relief from the California registration requirement.

As defendant raises no arguable issue in his supplemental brief, we must affirm the order denying his petition. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503–504.)

## DISPOSITION

The order is affirmed.

2

_____

Grover, Acting P. J.

**WE CONCUR:**

_____

Danner, J.

_____

Lie, J.

H052351
*The People v. Johnson*